UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERRI L.T.W.,

                                   Plaintiff,

v.                                                          5:23-CV-1494
                                                            (GTS/TWD)
COMMISSIONER OF SOCIAL SECURITY,

                                   Defendant.
_____

APPEARANCES:                              OF COUNSEL:

OLINSKY LAW GROUP                         HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION            KRISTINA D. COHN, ESQ.
  Counsel for Defendant
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235


GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this Social Security action filed by Jerri L.T.W.

("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner")

pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States

Magistrate Judge Thérèse Wiley Dancks recommending that Plaintiff's motion for judgment on

the pleadings be denied, the Commissioner's motion for judgment on the pleadings be granted,

and the Commissioner's decision be affirmed, and (2) Plaintiff's objection to the Report and

Recommendation. (Dkt. Nos. 20, 21.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety, Plaintiff's motion for judgment on the pleadings is denied, the Commissioner's motion for judgment on the pleadings is granted, and the Commissioner's decision is affirmed.

I.    **RELEVANT BACKGROUND**

   A.    **Magistrate Judge Dancks' Report and Recommendation**

   Generally, in her Report and Recommendation, Magistrate Judge Dancks determined that the ALJ's RFC finding that Plaintiff is capable of performing light work with various additional non-exertional limitations is supported by substantial evidence and contains no legal error. (Dkt. No. 20.) Specifically, Magistrate Judge Dancks determined that the ALJ's finding that Plaintiff did not have significant nonexertional limitations specifically related to the use of her hands sufficient to preclude reliance on the Medical-Vocational Guidelines when rendering an alternative finding at Step Five is supported by the following evidence: (a) evidence from Nurse Practitioner Hill/Treating Physician Futti documenting Spurling's maneuver tests showing 4/5 or 5/5 wrist and hand motor strength and normal range of motion in forearms, hands, and upper arms; and (b) evidence from Dr. Everding documenting that Plaintiff is able to make a full composite fist of her left hand and had a full range of motion of her left wrist and digits, as well as that Plaintiff's right hand showed some limited range of motion of her small finger, but her other fingers and thumb were intact and her wrist was stable. (*Id.*, at 11.) Magistrate Judge Dancks therefore found that, based on SSR 96-9p, the ALJ's finding that the limitations in Plaintiff's use of her hands would have little to no effect on Plaintiff's ability to perform light

work was not erroneous, and therefore the ALJ's reliance on the Medical-Vocational Guidelines in lieu of a vocational expert was not improper.  (*Id.* at 9-11.)

### B.      Plaintiff's Objection to the Report-Recommendation

Generally, in her Objection to the Report and Recommendation, Plaintiff asserts that Magistrate Judge Dancks erred in finding that the ALJ's inclusion of nonexertional limitations specifically related to Plaintiff's use of her hands did not require testimony of a vocational expert at Step Five.  More specifically, Plaintiff argues that Magistrate Judge Dancks' finding that Plaintiff's handling limitation was a nonexertional limitation which could be assessed by using the Medical-Vocational Guidelines was improper because the Medical-Vocational Guidelines do not clearly account for the impact of the relevant nonexertional limitations.  (Dkt. No. 21.) Plaintiff further that Magistrate Judge Dancks committed legal error by relying on SSR 96-9p in reviewing the ALJ's finding because SSR 96-9p applies only to claimants who have been limited to less than a full range of sedentary work, whereas Plaintiff was limited to light work.  (*Id.*)

## II.    APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(c).  "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made."  28 U.S.C. § 636(b)(1)©); *accord* Fed. R. Civ. P. 72(b)(2).  "Where, however, an

objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

III.    **ANALYSIS**

After carefully reviewing the relevant findings in this action, including Magistrate Judge Dancks' thorough Report and Recommendation and Plaintiff's objection thereto, the Court can find no clear error in the Report and Recommendation:  Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.

The Court would add the following points:

First, the Court finds Plaintiff's objection in part reasserts arguments presented in her initial Brief.  (*Compare* Dkt. No. 21 *with* Dkt. No. 17.)  As a result, the Court finds that certain "challenged" portions of the Report and Recommendation warrant only a clear-error review.

4

*See, supra*, Part II of this Decision and Order.  Further, because there is no clear error on the face

of the Report and Recommendation, the Courts finds that it survives initial review.

Second, as to Plaintiff's argument that Magistrate Judge Dancks committed legal error by

relying on SSR 96-9p in lieu of SSR 83-14 to determine whether the ALJ properly found that

Plaintiff's hand limitations do not affect her ability to perform certain jobs, the Court finds first

and foremost that whether Magistrate Judge Dancks committed an error in applying an incorrect

legal standard when assessing the ALJ's failure to solicit the testimony of a vocational expert

related to the Step Five finding is immaterial here because the ALJ found that Plaintiff could

perform her past relevant work as an office manager as actually performed at Step Four, and

therefore Plaintiff has been found not disabled separate and apart from the alternative Step Five

finding.  (T. 1446-1447.)  Plaintiff notably has not challenged the ALJ's Step Four finding in this

action--her arguments regarding the vocational expert relate only to the Step Five finding.  (Dkt.

No. 17, at 12-17; Dkt. No. 21, at 1-4.)  Indeed, the Second Circuit and courts within it have been

clear that, because the burden is still on Plaintiff at Step Four, there is no requirement for an ALJ

to consult a vocational expert regarding issues of past relevant work.  *Petrie v. Astrue*, 412 F.

App'x 401, 409 (2d Cir. 2011) (citing 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2)); *see Clemons*

*v. Comm'r of Soc. Sec.*, 16-CV-0658, 2017 WL 766901, at *9 (N.D.N.Y. Feb. 27, 2017) (Baxter,

M.J.) ("At step four of the analysis, the ALJ is not required to consult a vocational expert.");

*accord Wells v. Colvin*, 87 F. Supp. 3d 421, 436 (W.D.N.Y. 2015); *Wichelns v. Comm'r of Soc.*

*Sec.*, 2014 WL 1311564, at *15 (N.D.N.Y. Mar. 31, 2014) (Baxter, M.J.), Report-

Recommendation adopted by 2014 WL 1311564 (N.D.N.Y. Mar. 31, 2014) (Mordue, J.).

Because there was no legal requirement to consult a vocational expert at Step Four and Plaintiff

has not challenged the ALJ's Step Four finding, any unwarranted failure to consult a vocational expert related to the *alternative* Step Five finding would be purely harmless error.

Regarding whether Magistrate Judge Dancks appropriately relied upon SSR 96-9p in finding that the ALJ's choice not to consult a vocational expert was permissible, the Court acknowledges that there has been some debate as to whether that provision (which explicitly applies to situations where the claimant is limited to less than sedentary work) can provide guidance in situations where the claimant has been limited to, as here, light work, and courts within this district have indeed applied it in light work contexts (although typically specifically in the context of use of a handheld assistive device). *See Harry B. v. Comm'r of Soc. Sec.*, 20-CV-0227, 2021 WL 1198283, at *8 n.7 (N.D.N.Y. Mar. 30, 2021) (Baxter, M.J.) (noting that SSR 96-9p has been applied to other exertional levels, including light work, specifically in the context of medical necessity of cane use); *Wilson v. Comm'r of Soc. Sec.*, 13-CV-0643, 2014 WL 4826757, at *10 n.32 (N.D.N.Y. Sept. 29, 2014) (Hines, M.J.), Report-Recommendation adopted by 2014 WL 4826757 (N.D.N.Y. Sept. 29, 2014) (Sharpe, C.J.) (applying SSR 96-9p because "a finding of residual functional capacity for sedentary work is subsumed in a finding of residual capacity for light work"). Of note, the two cases which Plaintiff cites in support of her argument against applicability of SSR 96-9p are both from courts outside of the Second Circuit. (Dkt. No. 21, at 2.) The only apparent in-circuit case supposedly on the issue of what SSRs apply that Plaintiff cites does not squarely support her argument: *Long v. Colvin*, 2013 WL 3051601 (N.D.N.Y. June 17, 2013)( Hines, M.J.), Report-Recommendation adopted by 2013 WL 3051601 (N.D.N.Y. June 17, 2013) (Sharpe, C.J.), involved a case in which the plaintiff was limited to sedentary work and the court there did discuss and apply SSR 96-9p, and thus that

case does not provide any guidance to the issue here at all.  (Dkt. No. 21, at 3-4.)  Because there is no clear consensus as to whether SSR 96-9p can be considered related to assessing the effect of nonexertional limitations in the context of light work, the Court cannot say that Magistrate Judge Dancks committed a legal error by considering that provision.

Moreover, the language from SSR 96-9p relied upon by Magistrate Judge Dancks (to the effect that significant erosion in the use of both hands will result in a significant erosion of the occupational base and less significant limitations may require consultation of a vocational expert) is essentially what it also stated in SSR 83-14 and SSR 85-15 related to the effect of manipulative limitations on the performance of work at other exertional levels.  *See* SSR 85-15 (noting that varying degree of loss of manipulation ability *may* require assistance of a vocational expert) (emphasis added); SSR 83-14 (noting only that any limitation in the ability to grasp, hold, or turn objects "must be considered very carefully" without stating that consultation of a vocational expert is required).[1]  Magistrate Judge Dancks also proceeded to assess the ALJ's finding that the extent of manipulative limitations documented by the record evidence would not significantly affect the relevant functions in a way that would erode the occupational base of light work, and concluded that the ALJ's finding was supported by substantial evidence.  The Court also notes (and Plaintiff herself acknowledges) that, in finding Plaintiff could frequently handle, finger, and feel with her hands bilaterally, the ALJ specifically found that Plaintiff had no significant limitations in her abilities to hold, grasp, turn, raise, or lower objects when considering both SSR 83-14 and SSR 85-15.  (T. 1449.)  Thus, the ALJ herself expressly considered whether the evidence in this case suggested the very types of limitations that SSR 83-

---

[1]      Plaintiff notably relies on this language from SSR 83-14 as the basis for its argument that a vocational expert was required, but such language does not inherently declare that careful consideration in every case must require consultation with a vocational expert.

14 in particular states might merit consulting with a vocational expert and found that it did not. That Plaintiff has pointed to some evidence that she believes counters that finding is insufficient to substantiate an error where, as here, the ALJ discussed the other substantial evidence that supports her conclusions.  Considering these issues, the Court sees no reason to depart from Magistrate Judge Dancks' findings that the ALJ's assessment regarding the effect of Plaintiff's manipulative limitations on the occupational base of light work was consistent with the applicable legal standards and supported by substantial evidence.  And, again, whether reliance on SSR 96-9p or other aspects of Magistrate Judge Dancks' findings were in error, there would still be no basis for remand here because the Step Four finding remains unchallenged and intact, and therefore any error related to the ALJ's alternative Step Five finding is patently harmless.

        **ACCORDINGLY**, it is

        **ORDERED** that Magistrate Judge Dancks' Report and Recommendation (Dkt. No. 20) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

        **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 17) is **DENIED**; and it is further

        **ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 18) is **GRANTED**; and it is further

        **ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

        **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.


Dated:   September 24, 2025
           Syracuse, New York

Glenn T. Suddaby
U.S. District Judge